# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR ACOSTA HURTADO,<br><br>                        Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL, Warden,<br><br>                        Respondent. | Case No. 8:22-cv-00058-JLS (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION TO DENY HABEAS PETITION** |

      In accordance with 28 U.S.C. § 636, the Court has reviewed the filed Report and Recommendation (R&R) to deny the habeas petition, any pertinent records as needed, and petitioner's objections (ECF 23). The Court has reviewed de novo only those identifiable portions of the R&R to which petitioner has timely and properly objected. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). That means the Court has no duty to consider purported objections that merely repeat the same substance of arguments

fully addressed but rejected in the R&R.  *See Trejo Perez v. Madden*, 2020 WL 1154807, at *1 (E.D. Cal. Mar. 10, 2020) (objections that "merely repeat[] the same arguments . . . considered and found to be insufficient" require no review since they "do not meaningfully dispute the magistrate judge's findings and recommendations"); *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) ("Objections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case.").

The Court also has no duty to consider—and has thus declined to consider—arguments or claims raised for the first time in the objections.  In his petition, petitioner challenged only his *sentences* for a lewd act conviction and the sexual digital penetration conviction as an alleged violation of the Double Jeopardy Clause.  (ECF 1 at 22-25).  But for the first time in his objections, petitioner now claims that the convictions themselves violate the Double Jeopardy Clause.  (ECF 23 at 7-8).  The latter claim is entirely new and thus an improper basis to object to the R&R.  *See United States v. Howell*, 231 F.3d 615, 621–23 (9th Cir. 2000).

Finally, the Court has no duty to consider blanket or boilerplate objections to the final disposition recommended in the R&R.  *See McCullock v. Tharratt*, 2017 WL 6398611, at *1 (S.D. Cal. Dec. 15, 2017).  Because that is the full extent of petitioner's objections to the R&R as to his instructional error and cruel and unusual punishment claims (ECF 23 at 9-10), he has pointed to no identifiable portions of the R&R requiring de novo review for those two claims.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985).

THEREFORE, concluding that nothing in petitioner's objections affects the material findings and conclusions in the R&R, the Court accepts the recommendation and orders that the petition under 28 U.S.C. § 2254 be

DENIED for the reasons stated in the R&R.  Judgment dismissing this action with prejudice will be entered accordingly.

    IT IS SO ORDERED.


DATED: <u>May 2, 2024</u>                   _____

                                                          JOSEPHINE L. STATON
                                                          United States District Judge